## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN   DIVISION

| | | |
|---|---|---|
| WHITNEY ANN DAVENPORT, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | **CASE NO.:** |
| V. | ) | |
| | ) | |
| HH HEALTH SYSTEM-MORGAN | ) | **PLAINTIFF DEMANDS TRIAL** |
| COUNTY, LLC, d/b/a DECATUR | ) | **BY STRUCK JURY** |
| MORGAN HOSPITAL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

COMES NOW Whitney Ann Davenport  ("Plaintiff" or "Davenport"), and files this Complaint for damages to be answered by the Defendant, HH Health System-Morgan County, LLC ("Defendant" or "Decatur Morgan"), pursuant to the Federal Rules of Civil Procure.

## INTRODUCTION

This case arises out of Davenport's employment with the Decatur Morgan. Davenport avers Decatur Morgan took part in unlawful discrimination of Plaintiff's Rights secured by the Family Medical Leave Act of 1993 ("FMLA") , 29 U.S.C. §2615, Title VII, 42 U.S.C. §2000(e), The Pregnant Workers Fairness Act

("PWFA"), and 42 U.S.C. §1981. Davenport further alleges Decatur Morgan retaliated against her in violation of each of these statutes.[1]

## JURISDICTION

1.    This action for injunctive relief and damages is brought under 28 U.S.C. §§ 1331, 1343(4), 2201, and 2202.The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights caused by the Defendant.

2.    This suit is authorized and instituted under the FMLA, the PWFA, Title VII, and 42 U.S.C. §1981.

3.    The Plaintiff timely files her FMLA claims within two years of the wrongful conduct and within three years of the Defendant's willful conduct.

4.    The Plaintiff timely files her 42 U.S.C. §1981 claims within four years of the unlawful conduct.

5.    Plaintiff, on this date, timely files a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act. (Exhibit A).

6.    The Plaintiff will notify this court and/or amend her complaint within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC.

---

[1] The Plaintiff is filing an EEOC Charge with the EEOC alleging discrimination based on her, pregnancy, race, disability, and retaliation contemporaneously herewith. The Plaintiff will Amend or supplement this complaint upon receipt of her Right to Sue.

## PARTIES

7.      Plaintiff, Davenport, is a resident of Decatur, Alabama which is located in Morgan County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case.  Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the  Division.

8.      Defendant, Decatur Morgan, is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama.

9.      Defendant employed at least fifty (50) people for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Defendant employed these fifty (50) employees within 75 miles of Plaintiff's worksite.

## FACTS

10.    Plaintiff is black.

11.    Plaintiff began her employment with defendant on or about January 4, 2016.

12.    Amy Stewart was Plaintiff's direct supervisor.

13.    Tracy Roberson was the House Supervisor.

14. On or about July 26, 2023, Davenport experienced an unforeseeable serious medical condition which required her to be hospitalized.

15. Davenport was experiencing extreme anxiety which was causing her brain fog and debilitating confusion.

16. Davenport's medical condition was so severe it rendered her unable to continue to drive her car to work.

17. Davenport stopped on the side of the road as she could no longer operate her vehicle.

18. Davenport notified her employer and told them what was happening.

19. Davenport went to the emergency room.

20. Prior to this date, Davenport had worked for Decatur Morgan more than one year and had worked at least 1,250 hours in the year preceding the incident.

21. The Defendant employed at least 50 employees.

22. The Defendant did not notify Davenport of her rights under the FMLA, nor did it provide Davenport with FMLA paperwork to fill out.

23. Because of Davenport's unforeseeable medical condition, she was forced to step down from her position and forced to take a pay cut from $21.00 per hour to $19.00 per hour.

24. Other individuals who were demoted for various other reasons than an unforeseeable serious medical condition requiring hospitalization were not forced to take a pay cut.

25. In late October of 2023, Davenport complained that her white co-workers were being treated more favorably than she was in routine daily activities.

26. During her year-end evaluation, in January of 2024, Davenport was shown two different versions of evaluations of her performance.

27. Davenport was told by her supervisor that she would have received the more favorable evaluation had she not had "her episode" on July 26, 2023, was given the less favorable evaluation.

28. Evaluations can affect raises, and a poor evaluation can block an individual from receiving a promotion.

29. On or about January 12, 2024, Davenport complained to HR she felt her evaluation was penalizing her because of the serious medical condition she experienced earlier that year.

30. On or about July 25, 2025, Davenport was working with a pregnant co-worker when she suddenly started bleeding.

31. Davenport called and asked for accommodation for the pregnant co-worker.

32.    The Director told Davenport she had to find coverage for her co-worker.

33.    Davenport complained to the Director that she was not accommodating the pregnant co-worker.

34.    On or about July 27, 2025, both Davenport and a white co-workers Alicia Porter were found sleeping.

35.    Davenport was told she had to resign or be terminated.

36.    Davenport told the Defendant's director that if she did not have any control to over-ride the situation that she would resign.

37.    The Director told HR Davenport resigned.

38.    HR told Davenport the Director made the decision to terminate her.

39.    Defendant's Director terminated Plaintiff's employment on or about July 28, 2025.

40.    Alicia Porter, the white employee who was also sleeping, was afraid to go in two days later as she thought she would be fired too.

41.    Alicia Porter was not required to resign and was not terminated.

42.    Tracy Roberson took recordings off the hospital video onto her phone and made pictures of the two sleeping and circulated them among the nursing staff.

43.    Whitney Westmoreland witnessed Tracy Roberson discussing the situation with other employees.

44. During the conversation, one tech had a picture of Davenport and Porter sleeping on their phone.

45. Whitney Westmoreland asked where the tech got the picture.

46. The tech told Whitney Westmoreland they got the picture from one of the nurses who had it on their phone.

47. About three months later, after staff started complaining that the situation (firing Davenport but not Porter) was unfair to Davenport, Porter was given a disciplinary write-up.

## CLAIMS

### COUNT I- FMLA WILLFUL RETALIATION

48. Plaintiff adopts paragraphs 10-47 as if fully set out herein.

49. Davenport qualified for FMLA as she worked at Decatur Morgan for more than one year and worked at least 1250 hours in the preceding year.

50. Decatur Morgan employed 50 or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of Plaintiff's health issues.

51. Davenport experienced a serious medical condition on July 26, 2023.

52. Davenport notified her employer and went to the emergency room.

53.    Decatur Morgan willfully demoted Davenport and docked her pay by $2.00 per hour *because* she exercised her FMLA rights by going to the emergency room for a serious medical condition on July 26, 2023.

54.    Decatur Morgan willfully provided Davenport a lower evaluation which affects raises and promotions *because* she exercised her FMLA rights by going to the emergency room for a serious medical condition on July 26, 2023.

55.    Decatur Morgan willfully terminated Davenport *because* she exercised her FMLA rights by going to the emergency room for a serious medical condition on July 26, 2023, and complained of discrimination/retaliation in January of 2024 based on her need for leave for her serious medical condition.

56.    The stated reason for her termination is pretext because a co-worker engaged in the exact same conduct on the exact same day and was not terminated for her conduct.

57.    Because of Defendant's violation of the FMLA, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT II- 1981 – RACE -DISCRIMINATORY DISCHARGE

58.    Plaintiff adopts paragraphs 10-47 as if fully set out herein.

59.    Plaintiff has established a convincing mosaic of direct and circumstantial evidence that she experienced discrimination because of her race.

60.    Plaintiff is black.

61.    Plaintiff was qualified for her position as she continued to successfully work the position "meeting expectations".

62.    On or about July 28, 2025, Defendant terminated Plaintiff's employment.

63.    A white co-worker engaged in the exact same conduct of sleeping on the same day as the Plaintiff, yet she was not terminated.

64.    Because of Defendant's discriminatory decision to terminate Davenport, because of her race, Plaintiff has lost pay and continues to be paid less.

65.    Because of Defendant's violation of 42 U. S. C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT III- TITLE VII - RACE DISCHARGE

66.    Plaintiff adopts paragraphs 10-47 as if fully set out herein.

67.    Plaintiff has established a convincing mosaic of direct and circumstantial evidence that she experienced discrimination because of her race.

68.    Plaintiff is black.

69.    Plaintiff was qualified for her position as she continued to work the position.

70.    On or about July 28, 2025, Defendant terminated Plaintiff's employment.

71.    A white co-worker engaged in the exact same conduct of sleeping on the same day as the Plaintiff, yet she was not terminated.

72.    Because of Defendant's discriminatory decision to terminate Davenport, because of her race, Plaintiff has lost pay and continues to be paid less.

73.    Because of Defendant's violation of 42 U. S. C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT IV- TITLE VII- RETALIATION

74.    Plaintiff adopts paragraphs 10-47 as if fully set out herein.

75.    Plaintiff was qualified for the position and able to perform the essential functions of the job as the successfully performed her position "meeting expectations".

76.    Just days before her termination, Plaintiff engaged in protected activity, when she opposed discrimination (a failure to accommodate) based on pregnancy.

77.    On or about July 28, 2025,  terminated Plaintiff's employment.

78.    But for Plaintiff's protected activity, Defendant would have retained Plaintiff in the position.

79.    A co-worker who had not opposed discrimination engaged in the exact same conduct of sleeping on the same day as the Plaintiff, yet she was not terminated.

80.    Defendant violated Title VII by terminating Plaintiff for engaging in protected activity.

81. Because of Defendant's violation of Title VII, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## COUNT V-PWFA-RETALIATION

82. Plaintiff adopts paragraphs 10-47 as if fully set out herein.

83. Plaintiff was qualified for the position and able to perform the essential functions of the job as the successfully performed her position "meeting expectations".

84. Just days before her termination, Plaintiff engaged in protected activity, when she opposed discrimination (a failure to accommodate) based on pregnancy.

85. On or about July 28, 2025, terminated Plaintiff's employment.

86. But for Plaintiff's protected activity, Defendant would have retained Plaintiff in the position.

87. A co-worker who had not opposed discrimination engaged in the exact same conduct of sleeping on the same day as the Plaintiff, yet she was not terminated.

88. Defendant violated the PWFA by terminating Plaintiff for engaging in protected activity.

89. Because of Defendant's violation of the PWFA, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## COUNT VI- FMLA – WILLFULL INTERFERENCE

90. Plaintiff adopts paragraphs 10-47 as if fully set out herein.

91. Davenport qualified for FMLA as she worked at Decatur Morgan for more than one year and worked at least 1250 hours in the preceding year.

92. Decatur Morgan employed 50 or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of Plaintiff's health issues.

93. Davenport experienced a serious medical condition on July 26, 2023.

94. On July 26, 2023, Plaintiff provided notice of unforeseeable FMLA leave to her employer.

95. Plaintiff provided notice of hers unforeseeable need of FMLA leave the same day that the need for FMLA leave arose.

96. Before July 26, 2023, Plaintiff had never informed Defendant of the need for FMLA leave.

97. Defendant failed to provide Plaintiff with a Notice of Eligibility and Rights and Responsibilities form.

98. Defendant failed to provide Plaintiff with an FMLA Designation Notice form.

99. Defendant failed to provide Plaintiff with an FMLA Certification of Health Care Provider for Employee's Serious Health Condition form OR FMLA Certification of Health Care Provider for Family Member's Serious Health Condition form.

100. Defendant willfully interfered with Plaintiff's FMLA rights by not allowing her to commence protected FMLA leave and/or treating her leave as though it was not FMLA protected leave.

101. On July 28, 2025, Defendant terminated Plaintiff's employment without explanation.

102. Defendant's employees knew that Plaintiff suffered from FMLA qualifying conditions for which she needed treatment through her doctor.

103. Because of Defendant's interference with Plaintiff's rights under the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

## COUNT VII- WILLFUL FMLA INTERFERENCE FAILURE TO REINSTATE

104. Plaintiff adopts paragraphs 10-47 as if fully set out herein.

105. Davenport qualified for FMLA as she worked at Decatur Morgan for more than one year and worked at least 1250 hours in the preceding year.

106. Decatur Morgan employed 50 or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of Plaintiff's health issues.

107. Davenport experienced a serious medical condition on July 26, 2023.

108. On July 26, 2023, Plaintiff provided notice of unforeseeable/foreseeable FMLA leave to her employer.

109.    Plaintiff provided notice of hers unforeseeable need of FMLA leave the same day that the need for FMLA leave arose.

110.    Plaintiff took leave under the FMLA.

111.    Upon Plaintiff's return from leave, the defendant demoted her and docked her pay.

112.    Defendant willfully interfered with Plaintiff's FMLA rights by not allowing hers to return to the same or similar position upon hers return.

113.    Because of Defendant's interference with Plaintiff's FMLA rights, Plaintiff has lost pay and continues to be paid less.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

A.      Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate Title VII of the Civil Rights Act of 1964; Section 1981; Family and Medical Leave Act; and the PWFA.

B.      Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position she would have had, had she not been terminated;

C.      Award back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

D.      Attorneys' fees and costs;

E.      Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

F.      Any different or additional relief as determined by the Court to which Plaintiff is entitled.

**JURY TRIAL DEMANDED**

_____
Patricia A. Gill

**OF COUNSEL:**

The Workers' Firm LLC
2 North 20th Street, Suite 900
Birmingham, Alabama 35205
T: 205.329-6392
trish@theworkersfirm.com